UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

_____

BERNARD DIAZ-PEREZ,

    *Plaintiff,*

 *vs.*           Case No. 23-CV-50173

UNITED STATES OF AMERICA,
    *Defendant.*

_____

**SECOND AMENDED COMPLAINT**

Plaintiff, Bernard Diaz-Perez, pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 2671-2680, seeks compensatory damages arising from Defendant United States of America's (hereinafter "Defendant") negligence in failing to adhere to the prevailing professional standard of care which is generally recognized as acceptable and appropriate by reasonably prudent similar health care providers.

**1.  Jurisdiction and Venue**

a.  This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 in that this action arises under the laws of the United States of America and is premised on the acts and omissions of the Defendant acting under color of federal law. This Court further has subject

matter jurisdiction over this matter pursuant to 28 U.S.C. § 1346(b) in that this is a claim against the Defendant United States of America, for money damages, accruing on or after January 1, 1945, for personal injury caused by the negligent and wrongful acts and omissions of employees and agents of the Government while acting within the course and scope of their offices or employments, under the circumstances where the Defendant, if a private person, would be liable to the Plaintiff.

b. Jurisdiction is proper because this action is premised upon a federal cause of action under the Federal Tort Claims Act (hereinafter "FTCA"), 28 U.S.C. § 2671, et. seq.

c. Pursuant to the FTCA, Plaintiff presented his claim to the appropriate federal agency for administrative settlement under the FTCA requesting compensation. Plaintiff's claim was finally denied and such denial was sent to Plaintiff

d. This lawsuit was then timely filed. This action is timely pursuant to 28 U.S.C. § 2401(b) in that it was presented to the appropriate federal agency within two years of accrual and this action was filed within six months of receipt of the certified letter sent by the federal agency denying the claim.

e.        Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and 1391(c), as Defendant does business in this judicial district and the events or omissions giving rise to the claims occurred in this judicial district

**2.        Parties**

a.        Plaintiff, Bernard Diaz-Perez, is an inmate in the custody of the Federal Bureau of Prisons (hereinafter referred to as "BOP"), an agency of the Defendant, and currently resides at the BOP's United States Penitentiary in Terre Haute, Indiana, a correctional facility owned and operated by Defendant.

b.        At all times material to this action, Diaz-Perez was an inmate in the custody of the BOP, and was assigned to the United States Penitentiary Thomson (hereinafter "Thomson"), located in Thomson, Illinois, a correctional facility owned and operated by Defendant.

c.        Defendant, United States of America, is subject to suit for personal injury caused by the negligent and wrongful acts and omissions of employees or agents of the Government while acting within the course and scope of their offices or employments, under the circumstances where the Defendant, if a private person, would be liable to the Plaintiff, pursuant to the FTCA.

d. At all times material to this action, Defendant was responsible for the correct and prompt response to the health care needs of inmates in its custody. At all times material to this action, Diaz-Perez was an inmate subject to the custody and control of the Defendant and subject to the care and treatment of the Defendant for any and all medical evaluation and treatment.

e. At all times material to this action, if Diaz-Perez required medical evaluation or treatment, his only avenue was to rely on the medical evaluation and treatment provided by the Defendant.

**3. Statement of Claim**

a. Diaz-Perez came to Thomson in late 2019 or early 2020 after a sentencing in the United States District Court for the District of Puerto Rico.

b. Sometime in January 2021 ("Day 1"), while incarcerated at Thomson, Diaz-Perez felt intense pain in his scrotum. The pain was especially severe in his right testicle. Later that day, he followed Thomson's procedures for obtaining health care and reported to "sick call" to address the pain. He was examined by Physician's Assistant Tyson Kinnick, a health care provider that the Defendant used to treat Thomson's inmates. Kinnick told Diaz-Perez there was nothing wrong with him and provided no treatment.

4

c.      The next day ("Day 2"), Diaz-Perez woke up and the severe pain in his right testicle had increased—not gotten better. Again, he reported to sick call with the same complaint but with greater urgency. Again, Kinnick told Diaz-Perez that there was nothing wrong with him and provided no treatment.

d.      The following day ("Day 3"), Diaz-Perez's pain increased further still. He again sought treatment from Kinnick at sick call. Again, Kinnick declined to treat him. Worse yet, Kinnick told Diaz-Perez that if he sought help for his testicle pain again, Kinnick would have Diaz-Perez sent to the Special Housing Unit ("SHU") to punish his perceived malingering. That is, Kinnick threatened to put Diaz-Perez in solitary confinement if he continued his request for medical care.

e.      In the evening of Day 3, the scrotum pain became excruciating and then unbearable. Diaz-Perez collapsed to the ground. After a medical examination, he was transported by ambulance to the University of Iowa Hospitals and Clinics in Iowa City, Iowa. At the hospital, he was rushed into emergency surgery.

f.      When Diaz-Perez awoke after the surgery, his surgeon informed him that the surgeon was unable to save his right testicle—it had to be removed.  The surgeon further explained that if Diaz-Perez had come

to the hospital sooner, the testicle could have been saved. That is, as a result of Defendant's negligence, Diaz-Perez lost his right testicle.

g.      Upon information and belief, Diaz-Perez convalesced at the hospital for a week or more before returning to Thomson.

h.      As a result of Defendant's negligence, he continues to suffer today. He now urinates with the help of a catheter, which he must change many times each week to avoid infection. Upon information and belief, he will have to use a catheter for the rest of his life.

i.      Defendant has in its employ and/or agency doctors, nurses, and other medical care providers, over which it exercises control and supervision. At all times material to this action, Defendant authorized these agents and employees to act for Defendant when they committed the negligent acts alleged herein. Defendant's agents and employees accepted the undertaking of acting on behalf of Defendant when they committed the negligent acts alleged herein. Defendant had control over its agents and employees when they committed the negligent acts alleged herein.

j.      The negligent acts of Defendant's agents and employees were committed while acting within the course and scope of their employ and/or agency with Defendant. Thus, Defendant is liable for the actions of its agents and employees when they committed the negligent acts alleged herein.

6

k.      At all times material to this action, Defendant had a non-delegable duty to provide Plaintiff with reasonable medical care. Accordingly, Defendant is also liable for the actions of any contracted-with medical providers.

l.      At all times material to this action, Defendant, by and through its staff, physicians, employees and/or agents, acting within the course and scope of their employments and/or agencies, undertook a duty to render medical care to Plaintiff in a skillful and careful manner and in accordance with the accepted standards of medical care and treatment rendered in such cases by physicians in Thomson, Illinois, or in any similar medical community.

m.      At all times material to this action, Defendant, by and through its staff, physicians, employees and/or agents, acting within the course and scope of their employment and/or agency, negligently breached the duty of care owed to Plaintiff by failing to examine, diagnose, care for, and treat Diaz-Perez in accordance with the accepted standards of care.

n.      The care and treatment of the Plaintiff by the medical staff of the Defendant at Thomson fell below the prevailing standard of professional care in one or more of the following ways.

7

o. First, Defendant failed to properly consider and/or diagnose the Plaintiff's excruciating pain in his scrotum—especially his right testicle—despite three attempts to do so. Instead, it threatened him with solitary confinement for seeking treatment.

p. Second, Defendant failed to make a referral to any urologist, or any other specialist, to determine Plaintiff's pain's cause.

q. As the direct and proximate result of Defendant's medical staff at Thomson's refusal properly diagnose and treat Plaintiff's excruciating pain in January 2021, (1) he suffered three days of intense pain; (2) he lost his right testicle; (3) he convalesced for a week or more after its removal; and (4) he must use a catheter for the rest of his life. It is more likely than not that if Plaintiff had not been denied diagnosis and treatment, all four of these consequences could have been avoided.

r. As the direct and proximate result of the negligence, carelessness, and medical malpractice of the Defendant's employees and contractors, Plaintiff has suffered pain, mental anguish, bodily injury, and a permanent disability, and will continue to suffer pain, mental anguish, bodily injury, and a permanent disability in the future. As the further direct and proximate result of the medical staff's refusal to properly diagnose and treat Plaintiff's scrotum pain, he suffers embarrassment from the catheter,

8

which smells. It has also caused Plaintiff to be permanently disabled and to lose the enjoyment of being as physically active as he was before Defendant's negligence.

### 4.    Relief

WHEREFORE, Plaintiff demands judgment against Defendant, United States of America, for the following: (i) Compensatory damages in the amount of no less than $210,000; (ii) Punitive damages in an amount no less than $210,000; (iii) The costs of suit; (iv) Post-judgment interest; and (v) Such other relief as the Court may deem just and proper.

Dated at Madison, Wisconsin, this September 4, 2025.

Respectfully submitted,

*Peter R. Moyers*

Peter R. Moyers
Counsel for Mr. Diaz-Perez

THE MOYERS LAW FIRM, LLC
601 Sawyer Terrace
#5041
Madison, Wisconsin 53705
Tel: 608-286-8399
peter@moyerslawfirm.com

***
Certificate of Service

I hereby certify that on September 4, 2025, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on counsel for Defendant, Assistant United States Attorney Cassandra L. Maier, via transmission of Notices of Electronic Filing generated by CM/ECF.

*Peter R. Moyers*

Peter R. Moyers, Counsel for Mr. Diaz-Perez

9